# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID MILLER, *et al.*, )<br>)<br>Defendants. ) | Case No. CIV-13-285-D |

## ORDER

This matter is before the Court for review of the Report and Recommendation [Doc. No. 48] issued on July 1, 2014, by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges a violation of his federal constitutional rights during his confinement at Lawton Correctional Facility. Defendants have moved for dismissal or, in the alternative, for summary judgment and raise the defense of failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). The Magistrate Judge determined Plaintiff failed to exhaust administrative remedies, as governed by the applicable Oklahoma Department of Corrections (ODOC) Offender Grievance Process (OP-090124), and recommended that Defendants' motion for summary judgment be granted and that all claims asserted against any Defendants be dismissed.

Plaintiff timely filed an objection [Doc. No. 52] to the Report and Recommendation. Therefore, this Court conducts a *de novo* review and considers the records, pleadings and applicable law. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

I.      **Summary Judgment Standard**[1]

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Authority and Local* 382, 462 F.3d 1253, 1258 (10th Cir.2006) (quotation omitted). Although Defendants, as the moving parties, bear the initial burden of production, once they meet this burden, Plaintiff "may not rest on [his] pleadings, but must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir.2010) (citation and internal quotations omitted).

As the Magistrate Judge explained, when a defendant seeks summary judgment on an issue which he has asserted as an affirmative defense, the defendant "must demonstrate that no disputed fact exists regarding" the asserted affirmative defense. *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir.1997). If the defendant does so, then the plaintiff "must demonstrate with specificity the existence of a disputed material fact"; if he fails to do so, the affirmative defense bars his claim, and the defendant is entitled to summary judgment on that claim. *Id*.

---

[1] Although their motion is entitled "Motion to Dismiss/Motion for Summary Judgment," and it discusses the legal standards applicable to dismissal and to summary judgment, the Court agrees with the Magistrate Judge that the Motion is best analyzed as a summary judgment motion. Defendants contend the record establishes that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit and both Plaintiff and Defendants rely on materials outside the pleadings to address the exhaustion defense.

## II. The PLRA and Exhaustion of Administrative Remedies

The PLRA requires a prisoner to exhaust his administrative remedies prior to filing a lawsuit in federal court challenging prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The United States Supreme Court has held that the exhaustion requirement is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

## III. The ODOC Offender Grievance Process

The ODOC Offender Grievance Process, OP–090124, governs Plaintiff's exhaustion of administrative remedies and Plaintiff may only exhaust by properly following all of the steps identified therein. *See Jones*, 549 U.S. at 218; *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).[2] The Grievance Process involves four steps. First, the inmate must attempt to resolve the matter informally by speaking to an appropriate staff member. *See id.*, § IV.B. If the matter is not resolved informally, the inmate must submit a written Request to Staff (RTS). *Id.*, § IV.C. If the matter is still not resolved, the inmate must resort to the formal submission of a grievance by filing a Grievance Report Form (grievance). *Id.*, § V.A. The fourth step is the appeal stage which requires the inmate to appeal a grievance denial to the Administrative Review Authority or Chief Medical Officer. *Id.*,

---

[2] The Court agrees with the conclusion of the Magistrate Judge that the current version of the ODOC's Grievance Process – available at http://www.ok.gov/doc/documents/op090124.pdf – is substantially similar to the procedures in existence at the time period relevant to the claims raised here, May 2011. *See* Report and Recommendation at p. 6, n. 3. Any differences have been noted to the extent those differences could impact the analysis. While the Court may take judicial notice of the earlier version of the ODOC Grievance Process, the Court finds this practice less than optimal and Defendants are admonished that in future filings before this Court where the exhaustion defense is raised, Defendants are expected to submit the relevant ODOC Grievance Process for the Court's review. Here, not only did Defendants fail to provide the Court with the ODOC Grievance Process in effect in 2011, Defendants failed to even provide a copy of the current version of the Grievance Process.

3

§ VII.B. The appeal stage is the final stage and, once completed, constitutes completion of the Grievance Process. *Id.*, § VII.D.1. As discussed more fully below, each stage has specific time frames within which the inmate must initiate administrative review.

## IV. Whether Administrative Remedies Were Available to Plaintiff

Plaintiff contends prison officials hindered his efforts to exhaust administrative remedies and, therefore, that disputed issues of fact remain concerning the exhaustion issue. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy "unavailable" and a court will excuse the prisoner's failure to exhaust."). This Court has an "obligat[ion] to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials before dismissing a claim for failure to exhaust." *Id.* (citation omitted).

The Magistrate Judge focused on the appeal stage of the grievance process and determined Plaintiff failed to exhaust administrative remedies because his appeal was untimely. Plaintiff's objection directs the Court's attention to the formal grievance stage. Plaintiff contends it was at this stage that the conduct of prison officials thwarted his ability to properly follow the Grievance Process and prevented him from fully exhausting administrative remedies. Although the Magistrate Judge discussed this evidence, *see* Report at p. 10, the Magistrate Judge did not address whether this evidence demonstrates the unavailability of administrative remedies. Plaintiff now requests that the Court "take a more in-depth look at his attempts to properly exhaust administrative remedies available to him." *See* Objection at p. 3.

According to Plaintiff, prison officials prevented him from correcting errors in the formal grievance he submitted on September 26, 2011. This grievance, No. 11-574, was returned to him

4

unanswered on October 12, 2011, by a form upon which only two boxes were checked: "16. This grievance is unanswerable as there are no time frames specified for the alleged action(s) to have occurred."; and "20. Other. You cannot grieve this to us. You need to file through a legal entity." *See* Grievance Response [Doc. No. 44-5].[3]

The reasons for the return of Plaintiff's grievance are not supported by the record. First, Plaintiff's grievance did include a "time frame" – Plaintiff stated the incident occurred on May 2, 2011. To the extent Plaintiff was also required to include more than the date, such a requirement was not explained to him nor, as discussed below, was he given the opportunity to re-submit the grievance to include both a date and a time.[4] Second, it is not clear why Plaintiff was advised that the grievance involved a non-grievable issue. Plaintiff's grievance did not involve: (1) a misconduct report; (2) a matter in the course of litigation; (3) a request for disciplinary action against staff; or (4) a privately contracted facility property issue. Only these matters are identified in the ODOC's Grievance Process as non-grievable issues. *See* OP-090124, §II.B.1-4.[5] To the extent prison officials deemed the issue non-grievable because Plaintiff sought monetary relief, Plaintiff was still required to exhaust administrative remedies. *See Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1167 (10th Cir.2003)).

---

[3]In making record references to Plaintiff's grievance submissions, the Court cites the documents attached to Plaintiff's Response [Doc. No. 44] to Defendants' Motion. The Court acknowledges, however, that the Special Report [Doc. No. 30] includes some of these same documents. *See id.*, Attachment 4. The Special Report, however, only includes documents related to Plaintiff's attempts to appeal following the return of his formal grievance. No documents related to the formal grievance stage are included.

[4]The Grievance Process contains no express provision requiring that both a date and a time be included as to any incident about which a grievance is made.

[5]The ODOC's grievance procedure further provides that "[a] grievance may be used to address issues regarding conditions of confinement, actions of staff, and incidents occurring within or under the authority and control of DOC that have personally affected the offender making the complaint and for which a remedy may be allowed by the department or by law." *See* OP-090124, § II.A.1.

Although the response form includes a box to check that provides a prisoner may re-submit a corrected grievance, that box was not checked on the response form provided to Plaintiff, indicating that he was not permitted to re-submit the grievance. The response form provides:

> ☐ You may resubmit your corrected grievance within ten calendar days of receipt of this notice. DO NOT RETURN THIS FORM.
>
> Per DOC OP 090124, Inmate/Offender Grievance Process, you have ten calendar days from date of receipt to properly submit the grievance, *if allowed*. Do not return this form.

*See* Grievance [Doc. No. 44-5] (emphasis added).[6]

Defendants have submitted the Affidavit of Mark Knutson, Manager of the Administrative Review Authority for ODOC, which addresses – in general terms – the procedure for re-submission of a formal grievance. *See* Knutson Affidavit [Doc. No. 30-4]. Mr. Knutson states that "any grievance that contains any errors in the filing process will be unanswered and the offender will be notified to correct the errors within 10 days of receipt of the notice." *Id*. at ¶ 4. Mr. Knutson does not address whether, in this case, Plaintiff was allowed to re-submit his grievance. Nor does he cite any provisions of the Grievance Process in his affidavit.

The Grievance Process appears to contain language contrary to Mr. Knutson's affidavit, but consistent with the language on the response form given to Plaintiff. It states that a prisoner must be granted permission to file a corrected grievance. *See* OP-090124, § V.A.7 (providing that a grievance may be returned unanswered if instructions are not followed and "*[i]f allowed*, the offender must properly re-submit the grievance within ten calendar days of receipt") (emphasis added). *See also id*., § VI.B.6 (providing that the "reviewing authority will return unanswered any

---

[6]The Court notes that the grievance form contains different language. It states: "You *will be permitted* only one opportunity to correct any error/s made in submitting your grievance." *See* Grievance [Doc. No. 44-4] (emphasis added).

6

grievance that contain[s] any errors in the filing process *and notify the offender to correct the errors within 30 days of receipt of the notice to the reviewing authority"*) (emphasis added).[7]

In contrast, at the appeal stage, the ODOC's Grievance Process provides that the right to re-submit an appeal returned unanswered is automatic. *See* § VII.B.1.e ("The offender *will be given one opportunity to correct any errors*, which must be received by the Administrative Review Authority within 30 days of the time the offender is notified of improper filing.") (emphasis added). This difference in the language used by the ODOC in its Grievance Process at the appeal stage further supports the inference that Plaintiff could only re-submit at the formal grievance stage if expressly granted permission to do so.

Moreover, it appears Plaintiff did attempt to re-submit the grievance and his attempt was rejected. On October 14, 2011, he completed an offender grievance report form and provided the time of the incident in addition to the date on which it occurred. Prison officials then returned the grievance unanswered advising Plaintiff that he had "an active grievance on this issue." The October 14, 2011, grievance, however, was given the *same number*, No. 11-574, as the grievance previously submitted by Plaintiff on September 26, 2011. And, contrary to the response Plaintiff received, arguably he did not have an "active grievance" at that time because the prior grievance had been returned to him unanswered and without permission to re-submit.[8]

Upon return of his unanswered grievance, Plaintiff was left without any further options. His attempt to re-submit was rejected. Moreover, to the extent the grievance was returned based on

---

[7]The 2011 version of the ODOC Grievance Process provides a thirty-day period within which to re-submit a grievance. The current version provides a ten-day period.

[8] The record is silent as to when Plaintiff received a response to the October 14, 2011, grievance.

7

prison officials' determination that the matter involved a non-grievable issue, Plaintiff had no available remedy.

Although Plaintiff attempted to appeal the non-response to his grievance to the Administrative Review Authority (ARA), in fact he had nothing to appeal. His grievance was not answered and, therefore, he had no "response" to appeal. The ARA's rejection of the appeal as untimely, therefore, was not a proper ground. *See Little*, 607 F.3d at 1250 (prison officials exceeded authority in returning unanswered grievance appeal where procedures did not allow for return on basis cited; therefore, prisoner did not have an available administrative remedy).

On the record presented, this is not a case where Plaintiff chose not to avail himself of the opportunity to correct deficiencies – he was not given that opportunity. Nor is this a case where Plaintiff failed to employ administrative remedies. *Compare Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010).

Instead, drawing reasonable inferences in favor of Plaintiff, issues of fact preclude granting summary judgment to Defendants on grounds that Plaintiff failed to exhaust administrative remedies. Plaintiff has come forward with sufficient evidence to support a reasonable inference that those remedies were not available to him due to actions taken by prison officials.

**V.     Plaintiff's Motion for Appointment of Counsel**

The Magistrate Judge determined that Plaintiff's Motion for Appointment of Counsel [Doc. No. 43] should be denied as moot. Because the Court finds disputed issues of fact preclude summary judgment in favor of Defendants on their affirmative defense of exhaustion of administrative remedies, the Court finds Plaintiff's request for appointment of counsel is not moot.

The Court, therefore, declines to adopt the Report and Recommendation of the Magistrate Judge. Nonetheless, the Court denies Plaintiff's motion. Appointment of counsel in prisoner § 1983 cases is permissible, but is appropriate only in complex cases in which the prisoner demonstrates a meritorious claim and lacks the ability to present his claim. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). Plaintiff has not satisfied this burden. The case does not present complex factual or legal issues and Plaintiff's efforts in this case demonstrate no deficiency or lack of ability to present his claims.

**VI.     Conclusion**

For the reasons set forth, drawing all reasonable inferences in favor of Plaintiff, disputed issues of material fact preclude granting summary judgment in favor of Defendants on the affirmative defense of exhaustion of administrative remedies pursuant to the PLRA. The Court therefore declines to adopt the Report and Recommendation of the Magistrate Judge and refers the matter for further proceedings in accordance with the initial case referral. The Court notes that Defendants raised additional grounds for dismissal/summary judgment in their Motion [Doc. No. 31] not addressed by the Magistrate Judge in light of her recommendation on the issue of exhaustion of administrative remedies. Defendants, therefore, are granted leave of Court to file a second motion, if deemed necessary, under Fed. R. Civ. P. 56. *See* LCvR 56.1.

IT IS THEREFORE ORDERED that the Court DECLINES to adopt the Report and Recommendation [Doc. No. 48] and DENIES Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. No. 31].

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel [Doc. No. 43] is DENIED, without prejudice to its resubmission at a later date, if warranted.

IT IS SO ORDERED this 27th day of August, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE