# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY D. JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-13-285-D |
| DAVID MILLER, et al., | ) |
| Defendants. | ) |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 74] issued on March 27, 2015, by United States Magistrate Judge Suzanne Mitchell. In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff, a prisoner appearing *pro se*, alleges a violation of his federal constitutional rights arising out of an incident on May 2, 2011, during his confinement at the Lawton Correctional Facility (LCF). Plaintiff alleges he was violently attacked by another inmate on that date. Plaintiff brings the following claims for relief: (1) prison officials' failure to protect him from the violence of other prisoners is a violation of his Eighth Amendment rights; (2) prison officials' failure to protect offenders under their care and custody is a violation of his equal protection rights; and (3) certain Defendants are liable under the Eighth Amendment as a result of their supervisory roles for failing to adequately train and supervise prison officials and/or for their negligent conduct related thereto.

Defendants moved for summary judgment and the Magistrate Judge recommended granting Defendants' motion pursuant to Fed. R. Civ. P. 56 on grounds the undisputed factual record fails to demonstrate a violation of Plaintiff's constitutional rights.[1] In addition, the Magistrate Judge

---

[1]Defendants previously filed a motion for summary judgment on grounds Plaintiff failed to
(continued...)

recommended the denial of multiple motions filed by Plaintiff, including motions addressed to discovery-related matters and requesting additional time to respond to the second summary judgment motion. *See* [Doc. Nos. 68, 69, 70, 71 and 73]. The Magistrate Judge further recommended granting Defendants' motion for protective order [Doc. No. 60] which challenged Plaintiff's request for production of documents.[2] She also advised the parties that failure to timely object would constitute a waiver of their right to appellate review of the factual and legal matters in the Report and Recommendation.

Plaintiff timely filed an objection [Doc. No. 83] to the Report and Recommendation.[3] In support of his objection, he submits two declarations, his own and that of Tyrone L. Farris, a research assistant at the LCF library. The declarations were not previously presented to the Magistrate Judge.

---

[1](...continued)
exhaust administrative remedies. The Court denied this motion, *see* Order [Doc. No. 53], and granted Defendants leave to file a second motion for summary judgment addressing the merits of Plaintiff's claims.

[2]The Magistrate Judge noted that these non-dispositive issues are matters otherwise routinely resolved by order pursuant to this Court's referral, but that she chose to address them in the Report and Recommendation because they are "so entwined with the pending summary judgment motion." *See* Report and Recommendation at p. 8.

[3]The Court granted multiple extensions of time to Plaintiff within which to file his objection. *See* Orders [Doc. Nos. 79 and 81]. Pursuant to these extensions, Plaintiff was required to file his objection on or before July 22, 2015. Plaintiff's objection was not filed until July 30, 2015, but the record reflects his objection was mailed on July 21, 2015. Under the prison "mailbox rule," a *pro se* prisoner's pleadings will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the Court itself receives the documents. *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir.1989) (applying prison mailbox rule to inmate's objections to a magistrate's report in a civil rights case). It is not clear that Plaintiff utilized the prison mail system and, therefore, as a cautionary measure the Court finds the rule should be applied and deems the objection timely filed.

The Court conducts a *de novo* review on the issues to which Plaintiff has made specific objections; review of issues to which no specific objection has been made are waived. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

## Waiver

Plaintiff's objection is, for the most part, conclusory. Plaintiff states that he objects to the Report and Recommendation "in its entirety" and that he objects to the finding that he has failed "to establish the existence of elements essential to his claims." *See* Objection at p. 2. These objections are insufficient to avoid waiver. *See* Fed. R. Civ. P. 72 (requiring "*specific* written objections to the proposed findings and recommendations") (emphasis added). *See also East 30th St.*, 73 F.3d at 1060 ( "an objection stating only 'I object' preserves no issue for review") (internal quotation omitted).

The Court finds the interests of justice do not require that Plaintiff be excused from the waiver rule as to those matters to which Plaintiff did not object. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (waiver rule does not apply when "the interests of justice so dictate"). Plaintiff offers no reasons why he did not object to the additional issues addressed in the Report and Recommendation. The Magistrate Judge thoroughly addressed the grounds upon which she based her conclusion that Defendants are entitled to summary judgment and the other rulings set forth in the Report and Recommendation. As noted, the Magistrate Judge specifically advised the parties of their right to object to the Report and Recommendation and that a failure to do so waives the right to appellate review of the factual and legal issues contained therein.

3

**Eighth Amendment Claim**

The only specific objections raised by Plaintiff relate to his Eighth Amendment claim. He contends that he has demonstrated both the objective and subjective components necessary to establish a violation of his Eighth Amendment rights. *See, e.g., Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) ("To establish a cognizable Eighth Amendment claim for failure to protect, the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component.") (internal quotations and citation omitted).

Plaintiff states: "[t]he fact that an inmate housed in a lockdown unit, where they spend twenty three hours of a day in a cell, was able to get steel to fashion a knife, proves that Plaintiff is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at p. 1 (*citing* Doc. No. 30-2 (report of incident)). Plaintiff appears to contend these facts satisfy the objective component of his Eighth Amendment claim. The Magistrate Judge did not make any express findings with respect to the objective component of Plaintiff's claim. The Court assumes, without deciding, that Plaintiff has satisfied that component.

Plaintiff also contends the procedure manual for the Intensive Supervision Unit (ISU) (where Plaintiff was attacked) establishes Defendants' subjective knowledge. *See id*. at p. 2 (citing Doc. No. 44-12 (LCF Policy and Procedure Manual, ISU). Plaintiff specifically references page 1, paragraph 1 of the manual which provides that inmates associated with a "Security Threat Group" may be designated to the ISU to allow for "greater management of their interaction" to ensure "protection of staff and other offenders." *See* LCF Policy and Procedure Manual [Doc. No. 44-12] at p. 1. While this provision of the procedure manual acknowledges the unique security and

4

management concerns associated with ISU inmates, the manual does not advance Plaintiff's failure to protect claim. Nothing in the manual addresses the particular risk of harm to Plaintiff on the date in question or the Defendants' knowledge with respect thereto.

Plaintiff also relies on his declaration and the declaration of Tyrone L. Farris. The declarations describe the general measures taken to keep inmates in the ISU separate from the general population inmates. As stated above, these declarations were not part of the record considered by the Magistrate Judge. This Court may, in its discretion, decline to consider the declarations particularly where, as here, Plaintiff offers no reasons why they could not have been timely presented to the Magistrate Judge. *See Gonzales v. Qwest Communications Corp.*, 160 Fed. Appx. 688, 690 (10th Cir. 2005) ("[T]he decision whether to accept further evidence after the magistrate judge's recommendation is . . . within the district court's discretion.").[4]

But even if the Court were to consider the declarations, they fail to support his Eighth Amendment claim. Plaintiff's declaration merely repeats the allegations in support of his claim, *i.e.*, that allowing ISU inmates "to run rampant while a general population inmate was in the unit performing work duties" constitutes deliberate indifference. *See* Plaintiff's Declaration [Doc. No. 83-1]. And, the declaration of Tyrone Farris merely describes the ISU and the limited mobility of those assigned thereto. *See* Farris Declaration [Doc. No. 83-2]. If anything, the declaration of Mr. Farris demonstrates that prison officials complied with the policies and procedures at LCF regarding ISU inmates. *See id.*, ¶ 6 ("It was well known to me that no orderlies or inmate workers were to be in four Charlie at anytime [sic] while any offender assigned to the unit was out of his cell. This

---

[4]Plaintiff previously submitted his own affidavit with related allegations for consideration by the Magistrate Judge. *See* Affidavit of Plaintiff in Support of His Civil Rights Complaint [Doc. No. 45].

policy *was strictly enforced by LCF staff that were assigned to guard the unit*.") (emphasis added). *see also id*. ¶ 7 ("[H]ad I attempted to enter four Charlie unit during this period of time while an offender assigned to the unit was out of his cell I would have been stopped by staff and not been permitted to enter the unit."). Neither of the declarations demonstrate that any particular defendant violated policy or otherwise acted with deliberate indifference in relation to the May 2, 2011 incident. *Compare Verdecia*, 327 F.3d at 1176 (plaintiff failed to establish subjective component of failure to protect claim where plaintiff alleged that "defendants should have been aware of excessive risk associated with placement of a Cuban in a cell with two members of a violent gang but did not establish that Defendants were subjectively aware of that risk).

Nor does Plaintiff's objection sufficiently challenge any finding by the Magistrate Judge with respect to Plaintiff's Eighth Amendment supervisory liability claims. As the Magistrate Judge correctly determined, Plaintiff's only verified contention in support of this claim is wholly conclusory and without factual support – "failure to train and supervise violated plaintiff Jones rights and constituted cruel and unusual punishment." *See* Report and Recommendation at p. 21. And to the extent Plaintiff seeks to impose supervisory liability on Defendants due to their alleged negligent behavior, allegations based on what a prison official should have known are insufficient. *See Verdecia*, 327 F.3d at 1175 (recognizing that deliberate indifference requires more than "a showing of simple or heightened negligence" and that the plaintiff was required to "do more than establish that [prison officials] should have known of the risk of harm").

**Discovery and Other Non-Dispositive Rulings**

Plaintiff has not raised any objection to the Magistrate Judge's recommendations regarding the additional orders entered in relation to the summary judgment proceedings, including the

6

protective order granted in favor of Defendants. Therefore, Plaintiff has also waived any objection to those recommendations. Moreover upon review, the Court agrees with the Magistrate Judge's determinations with respect to those orders.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 74] is ADOPTED in its entirety and that Defendants' Second Motion for Summary Judgment [Doc. No. 63] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's pending motions [Doc. Nos. 68, 69, 70, 71 and 73] are DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Protective Order [Doc. No. 60] is GRANTED.

A separate judgment shall be entered.

IT IS SO ORDERED this 5th day of August, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE